IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN RE:  KIMBERLY LOWE,<br>    *aka Kimberly Lowe Arbouw,* | MISC. CASE NO. 23-00301-KLP |

KIMBERLY LOWE,

    *Appellant*,

    v.                                                  CIVIL ACTION NO. 3:23CV766 (RCY)

ROBERT ARBOUW,

    *Appellee*.

**MEMORANDUM OPINION**

This matter is before the Court on Appellee Robert Arbouw's Motion to Dismiss Appeal as Untimely (ECF No. 5), concerning the above-captioned bankruptcy appeal initiated by Appellant Kimberly Lowe.  Appellant has responded to the Motion to Dismiss, and the matter is ripe for review.  For the reasons set forth below, the matter shall be dismissed.

**I. PROCEDURAL HISTORY**

On March 31, 2023, the United States Bankruptcy Court entered an order directing the opening of a Miscellaneous Proceeding against Kimberly Lowe.  App. 1, ECF No. 3-1.[1]  The Miscellaneous Proceeding centered on allegations raised by Appellee Robert Arbouw in a Motion to Show Cause in a now-expunged bankruptcy case, that Appellant filed a fraudulent bankruptcy petition in Appellee's name.  *See* App. 8 (Bankr. Ct. Mem. Order Damages).  The Bankruptcy Court set the matter for a hearing on May 31, 2023.  *See generally* App. 1–3 (Docket, *In re:*

---

[1] The Court utilizes the record transmitted by the Bankruptcy Court, ECF No. 3-1, and the pagination applied by the CM/ECF system to the same.

*Kimberly Lowe*). Appellant received notice of the hearing and acknowledged her awareness of the same by way of various filings. App. 1–3. The Bankruptcy Court thereafter continued the hearing to July 12, 2023. Appellant again demonstrated awareness of the hearing by way of various filings "objecting" to the proceedings. App. 4–5. On July 12, 2023, the Bankruptcy Court conducted a hearing and took the matters under advisement. App. 5. Appellant did not appear at the hearing. App. 9.

On September 29, 2023, the Bankruptcy Court issued a Memorandum Order on Damages, assessing sanctions against Appellant in connection with the conduct underlying the Miscellaneous Proceeding. App. 5; App. 8–17 (Bankr. Ct. Mem. Order Damages).

On October 17, 2023, Appellant filed a *pro se* Notice of Appeal regarding the Memorandum Order on Damages. ECF No. 1. She filed her Appellant's Brief on December 11, 2023, ECF No. 4, and Appellee responded with the instant Motion to Dismiss, ECF No. 5, accompanied by a notice consistent with the requirements of Local Rule 7(K) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Appellant filed her Response on January 9, 2024. ECF No. 6.

## II. DISCUSSION

Appellee argues that the Court lacks jurisdiction to hear this appeal due to Appellant's failure to file within time pursuant to Fed. R. Bankr, P. 8002. The Court agrees.

Appeals from a Bankruptcy Court must be brought in the District Court in the time provided by Rule 8002 of the Bankruptcy Rules. 28 U.S.C. § 158(c)(2). Fed. R. Bankr. P. 8002(a)(1) allows for 14 days for the Notice of Appeal to be filed after entry of the bankruptcy order. Failing to timely file a notice of appeal divests the district court of jurisdiction. *See* Fed. R. Bankr. P. 8002; *Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."); *Chien v. Commonwealth Biotechs., Inc.*,

2

484 B.R. 659, 663 (E.D. Va. 2012) (If a prospective appellant fails to timely file his or her notice of appeal, "the District Court is stripped of its jurisdiction to hear the appeal.").

Here, the Bankruptcy Court issued its Memorandum Order granting sanctions against Appellant on September 29, 2023. Appellant appealed this order to the District Court on October 17, 2023. On its face, this appeal was therefore untimely by four days: Friday, October 13, 2023 would have been fourteen days after the Bankruptcy Court entered its Memorandum Order.

Appellant has never sought an extension to date. Instead, in response to the Motion to Dismiss, Appellant merely re-raises the same jurisdictional arguments that she endeavored to raise before the Bankruptcy Court and that appear to be the backbone to the present appeal. *See generally* Response, ECF No. 6. Appellant does make a passing reference to the fact that, since she "was NOT a party to the case, Ms. Lowe was not allowed to receive email updates and everything went slowly through the US Postal Service." *Id*. at 2. Putting aside the fact that Appellant most certainly was a party to the underlying Miscellaneous Proceeding, and further putting aside the fact that the Eastern District of Virginia allows for *pro se* e-noticing, this argument is nevertheless unavailing. The Federal Rules of Civil Procedure contemplate any potential disadvantage incurred by a party relying on service through mail and so allow for a cushion of three days:

> (d) *Additional Time After Certain Kinds of Service*. When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a).

Fed. R. Civ. P. 6(d). Thus, even "extend[ing] all permissible leniency in the application of [the] procedural requirements of litigation" to Appellant as a *pro se* litigant, *In re Steever*, No, 95-1039, 1995 U.S. Dist. LEXIS 14825, at *8 (D.N J. Sept. 27, 1995), and granting her the benefit of Rule 6(d)'s three-day extension, the Court still finds that her appeal was untimely, as it was filed *four* days after the expiration of the appeal window.

Appellant failed to file a request for an extension within the initial appeal period and did not attempt to make a showing of excusable neglect to avail herself of an extension within the twenty-one day period provided in Rule 8002(d)(2)(B).  Lack of action by Appellant in this manner deprives this Court of jurisdiction over her appeal.  *Chien*, 484 B.R. at 663.

### III.  CONCLUSION

Because Appellant filed to timely file her notice of appeal, this Court must dismiss her appeal for lack of jurisdiction.

An appropriate Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date:  September 24, 2024
Richmond, Virginia